■ NORMA B. TOOLE, Individually and as Executrix of ROBERT R. TOOLE, Deceased, Respondent, v MANUFACTURERS & TRADERS TRUST COMPANY, Appellant. — Order and judgment unanimously affirmed, with costs. Memorandum: Defendant appeals from an order granting summary judgment and from the judgment entered thereon, awarding plaintiff death benefits pursuant to defendant's retirement plan. Under the plan an employee becomes a fully-vested participant after completing 20 years of service; the normal retirement age is 65 but early retirement may be taken at age 55. The plan makes provision for the payment of death benefits and the question on this appeal is whether such benefits are payable when a fully-vested participant who has left defendant's employ dies before retiring. Plaintiff is the widow of Robert R. Toole, a fully-vested participant in the plan when he resigned his employment in 1971. Mr. Toole died in 1978 after reaching the age of 55 but without having elected to take early retirement. Defendant concedes that if there is any ambiguity in the plan, the ambiguity should be resolved in favor of plaintiff; that had Mr. Toole elected to take early retirement, death benefits would have been payable; and that Mr. Toole's monthly retirement benefit was being funded for him at the time of his death. Defendant argues, however, that death benefits are not payable under either paragraph (a) or (b) of section 6.02 of the plan. Section 6.02 is headed "DEATH BEFORE RETIREMENT". Paragraph (a) thereof provides in part: "Upon the death before retirement of a Participant for whom an individual retirement income or retirement annuity contract is being held, there shall be paid to his designated beneficiary the amount of the death benefit payable under the contract or contracts on his life." It is argued that this paragraph does not apply because under paragraph (b) of section 6.04 of the plan Mr. Toole's retirement contract was surrendered for its cash value when he terminated his employment and hence no contract was being held at Mr. Toole's death. Defendant admits, however, that the cash surrender value was invested to fund Mr. Toole's retirement account. Paragraph (b) of section 6.02 provides, in relevant part: "The Employer shall maintain a policy of group life insurance on its employees under the terms of which policy there shall be payable to the designated beneficiary of any Participant". Defendant maintains that the logical intendment of that language is to provide death benefits for employees and that the words "any Participant" should be read as "any employee", thus excluding from coverage a nonretired but fully-vested participant who has left the employ of the company. Section 6.02 must be read in its entirety, and to conclude that no death benefits are payable to plaintiff under paragraph (a) or (b) would require excision of the first sentence of section 6.02 which unequivocally states: "Upon the death before retirement of any Participant, there shall be paid to his designated beneficiary or beneficiaries a death benefit of at least 100 times the monthly retirement benefit then being funded for him." We conclude from that language, read together with section 6.03 which provides

death benefits to beneficiaries of those who have taken early retirement, that the intendment of the plan is to provide death benefits, both before or after retirement, for vested participants. That the language used to accomplish that purpose may be ambiguous will not justify denial of such benefits to plaintiff. (Appeal from order and judgment of Niagara Supreme Court — summary judgment.) Present — Dillon, P.J., Cardamone, Hancock, Jr., Callahan and Schnepp, JJ.